## David Reis v. George W. Ravens et al.

1.  PREFERENCES—*When Diligence of Creditor Will be Rewarded.*— A creditor who has called to his aid a court of equity and by the exercise of superior diligence has discovered and uncovered property which could not be discovered and seized upon by execution at law, is entitled to a preference over other creditors; but this doctrine does not apply to real estate which was included in a deed of assignment of the debtor, was offered for sale by the assignee without bidders, and subsequently sold for taxes on a bill by a creditor to set aside the tax deed.

Creditor's Bill.—Appeal from the Circuit Court of La Salle County; the Hon. DORRANCE DIBELL, Judge, presiding.    Heard in this court at the May term, 1896.    Affirmed.    Opinion filed December 9, 1896.

### STATEMENT OF THE CASE.

In 1876 George W. Ravens and John F. MacKinlay were partners in the banking, etc., business at Ottawa, Illinois, under the name of Ravens, MacKinlay & Co.   On August 1, 1876, they made the assignment to David B. Snow, for the benefit of creditors.   They assigned not only the firm property, but also the individual assets of each partner, real and personal, except that by the instrument of assignment, each partner reserved such real and personal property as, by the laws of Illinois, is exempt from execution, etc.   The real estate of each partner was described in the deed.   Ravens conveyed the five acres occupied by him as a homestead, and the undivided half interest in two lots.   The usual schedules were attached, one of them showing the real estate assigned by Ravens was valued at $3,000.   The deed of assignment was not only for the benefit of the creditors

named in the schedule, but also for the benefit of any others who might claim to be creditors, and who might satisfy the 'assignee of the validity of their claims. The assignee was directed by the deed of assignment to distribute the assets between the firm creditors and individual creditors in the manner provided by law in such case.

The assignment having been made before the passage of our general statute relating to assignments for the benefit of creditors, was purely an assignment at common law.

Snow converted all the assets into money excepting a certain tract of real estate, containing about five acres, and occupied by the said George W. Ravens and family as a homestead, and being worth about $3,000. The appellant, David Reis, was one of the creditors of said firm of Ravens, MacKinlay & Co., and with the other creditors, received dividends from said Snow as assignee, amounting to about thirty per cent of his claim.

Thomas E. MacKinlay was an individual creditor of John F. MacKinlay, and filed a bill in the Circuit Court of La Salle county, asking that the assignee pay to him the amount of his claim, from the individual property of said John F. MacKinlay before the same should be applied toward the payment of the partnership indebtedness. At the hearing the court entered a decree on January 28, 1896, finding that all the property then remaining in the hands of R. D. B. Snow, assignee of the firm of Ravens, MacKinlay & Co., was the sum of $855, and directed said assignee to pay over said sum to said Thomas E. MacKinlay.

Appellant, David Reis, at the March term, 1881, of the Circuit Court of La Salle county, Illinois, obtained judgment against George W. Ravens and John F. MacKinlay, partners, etc., as Ravens, MacKinlay & Co., for the sum of $1,197.31, and costs of suit. Execution was issued and returned unsatisfied, and the judgment was afterward revived. It was unsatisfied, and in force at the time of the commencement of this suit.

The five acre tract was offered for sale, but there were no bidders.

In June, 1884, it was sold for taxes, and bought by John Stout, at the request of George W. Ravens, who furnished Stout the money, and paid him for the service. John Stout transferred the certificate to Catherine Stout, and she obtained a tax deed, and then conveyed the premises to Henry Gondolf, a' brother to Mrs. Geo. W. Ravens, all by direction of Geo. W. Ravens. Afterward, by request of Geo. H. Ravens, a son of Geo. W. Ravens, it was conveyed by Gondolf to Geo. H. Ravens, and still later he conveyed it to his mother, Mrs. Geo. W. Ravens. At the time this bill was filed the property was occupied by Geo. W. Ravens and wife and children. The only change in possession that has occurred since is that, some two and a half years ago, Geo. W. Ravens abandoned his family and left the country, and has not returned.

In 1892, appellant filed his bill alleging that the tax sale, and the conveyance made subsequent thereto, were fraudulent, and asking that they be set aside and declared void, and that the land be sold, and the proceeds applied in satisfaction of his judgment. George W. Ravens was served and defaulted. Snow filed answer. Catherine Ravens filed answer, alleging that she was the owner of the property. The Van Diver Corn Planter Company, another creditor of Ravens, MacKinlay & Co., on the 29th day of January, 1893, in an action of debt, revived a judgment against said Ravens, and was given leave to interplead in said cause. At the hearing a decree was entered, finding that the sale for taxes of the real estate was, as to creditors, fraudulent and null and void, and operated merely as a payment of taxes by George W. Ravens, and directing that the homestead interest of Catherine Ravens be set off and the remainder sold, and the proceeds divided among all the creditors of Ravens, MacKinlay & Co., and the original list of creditors, as recognized by the assignee, should be the list among whom distribution should be made, unless it should be made to appear that some one is improperly omitted, or that some one of them has since been settled with by Ravens or MacKinlay.

BUTTERS, CARR & GLEIM and A. E. WHEELER, attorneys for appellant.

SAMUEL RICHOLSON, attorney for Catherine Ravens, appellee.

D. B. SNOW, assignee of Ravens, MacKinlay & Co., appellee, *pro se.*

MR. PRESIDING JUSTICE HARKER DELIVERED THE OPINION OF THE COURT.

A reversal of the decree is asked in this case because the court did not decree that appellant's judgment be paid before any of the proceeds accruing from the sale of the land should be applied toward the payment of the debts of Ravens, MacKinlay & Co. He claims that he is entitled to a preference over other creditors because of his superior diligence in discovering and uncovering the property of the debtor.

It is a well established doctrine that a creditor who has, by calling to his aid a court of equity, and by the exercise of his superior diligence, discovered and uncovered property which could not be discovered and seized upon by execution at law, is entitled to a preference over other creditors.

But the obstacle which stands in the way of appellant successfully invoking the aid of that doctrine is that he has discovered nothing. The five acre tract was included in the deed of assignment and the homestead exemption claimed. The assignee offered it for sale and made efforts to have creditors bid it in. Appellant was well advised of that fact. There has not been a time when the assignee would not have sold the property had there been an offer for it. It is quite likely there were no bids because it was subject to the homestead exemption. Appellant has discovered no new assets. He has uncovered nothing.

The assignment was in force at the time this bill was filled. It was so recognized by appellant because he asked for an order compelling the assignee to sell the property.

Years ago he could have notified the assignee to sell.   After waiting a number of years he calls upon a court of equity to order the assignee to do a thing which he could have had done by the mere asking of the assignee.   That act does not show such superior diligence as would entitle him to a preference.

We see nothing wrong with the decree below.   Decree affirmed.